No. 20,373.

THE STATE OF KANSAS, *Appellee*, v. BUTCH TRIONE, *Appellant.*

SYLLABUS BY THE COURT.

1. LIQUOR NUISANCE—*Injunction—Contempt—Evidence.* In a proceeding for contempt for violating an injunction against maintaining an intoxicating liquor nuisance, evidence that a liquor sold looked like beer, tasted like beer, and that the witness believed it was beer, and that there was malt in the liquor sold to another witness, is sufficient to justify a finding of the sale of intoxicating liquor.

2. SAME—*Witness Tasting Contents of Bottle.* It is not error to refuse to permit a witness to taste the contents of a bottle to see if they are the same as the contents of another bottle purchased from the accused by the witness.

Appeal from Cherokee district court; JAMES N. DUNBAR, judge. Opinion filed February 12, 1916. Affirmed.

*Charles Stephens,* and *A. L. Majors,* both of Columbus, for the appellant.

*S. M. Brewster,* attorney-general, and *F. W. Boss,* county attorney, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This is an appeal from a judgment of conviction for contempt for violating a temporary injunction against keeping and maintaining an intoxicating liquor nuisance.

The liquor was sold over a board in the back room of a restaurant, on the premises covered by the injunction. Behind the board was a bench on which liquors and glasses were

kept. There were tables and chairs in the room. It was apparently a secret place, maintained for the sale of drinks.

1. The first contention is that the evidence does not show that the liquor sold was an intoxicating liquor as defined by the law of this state. A purchaser testified that the liquor looked like beer, tasted like beer, and that he believed it was beer. Another witness testified that there was malt in the liquor sold. This was sufficient to justify the court in finding it was an intoxicating liquor under the law of this state. Malt liquors are presumed to be intoxicating. (Gen. Stat. 1909, §§ 4361, 4364.)

2. Another complaint is that the court refused to permit a witness to taste the contents of a bottle then in the court room, labeled like one purchased from the accused by the witness, to see if the contents were the same as the contents of the bottle the witness had purchased. We do not think it was error to exclude this evidence.

The judgment is affirmed.